CITY OF WEST HAVEN *v.* PETER C. DEAN

FILE No. CV 8-707-9990

CITY OF WEST HAVEN *v.* HAROLD MONOLITH ASSOCIATES, INC., ET AL.

FILE No. CV 8-709-10219

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued October 18—decided December 3, 1971

*Pasquale Young,* of New Haven, for the appellant (defendant Harold Monolith Associates, Inc.).

*William F. Gallagher,* of New Haven, for the appellee (plaintiff).

DICENZO, J. The city of West Haven brought two actions to recover the cost of providing policemen at the defendants' restaurant over a period of many months. The two actions were consolidated for trial purposes. The defendants own and operate a restaurant in the city of West Haven. It has all the required licenses and liquor permits and has been in the restaurant business for eleven years. It can

accommodate 278 persons and is open for business seven nights each week. A band or orchestra is always present to provide music for dancing, and on certain nights the orchestra is larger than on other nights. The liquor permits have never been suspended by the liquor control commission for the violation of any law or regulation.

The city of West Haven claims that the defendants are indebted to it in the amount of $2980 for having furnished police officers at the direction of the chief of police for a period covering many months. The defendants deny this claim and assert that the attendance of police officers at the restaurant was always under protest and that such protests were presented to commissioners of police of West Haven. The city claims that it is entitled to collect this amount because of § 7-284 of the General Statutes.[1] The trial court found the issues for the plaintiff to recover of the defendant corporation $1956. That defendant appeals from the judgment and assigns as error (1) the trial court's failure to correct the finding by adding thereto certain facts which were admitted or undisputed, and (2) its conclusion that the chief of police had authority to send officers to the restaurant and require the defendants to pay for the officers' attendance under § 7-284, when the facts found by the court do not support that conclusion and it is contrary to law. There are other assignments of error, but since we conclude that the

[1] "Sec. 7-284. POLICE PROTECTION AT PLACES OF AMUSEMENT. When police protection is necessary or required at any boxing bout or wrestling match, place of public amusement, sport contest or hockey, baseball or basketball game, or any other exhibition or contest, which is being held or is to be held in any municipality having an organized or paid police department, the amount of such protection necessary shall be determined and shall be furnished by the chief or superintendent of such police department and such protection shall be paid for by the person or persons operating, conducting or promoting such game, exhibition or contest. Nothing in this section shall affect the jurisdiction of the department of state police."

city of West Haven cannot compel payment under the stated circumstances, the other assignments need not be considered.

The city of West Haven contends that, because on certain nights a larger orchestra is in attendance at the restaurant and a currently popular style of dancing goes on there, it then becomes a place of public amusement. The city also contends that a large criminal element attends on these nights. Because of this, the city claims that pursuant to § 7-284 its chief of police can require the defendants to pay for the attendance of police officers at the restaurant and to pay for as many police officers as the chief of police shall determine are needed. The city does not assert that any law is being violated by the defendants but claims that the restaurant becomes a place of public amusement.

The principal question involved in this appeal is the construction and application of § 7-284 of the General Statutes. Had the legislature intended this statute to apply to restaurants and to dancing in restaurants, it would have been a simple matter for it so to state. It did not. This statute governs games, exhibitions or contests.

The general rule that specific provisions of a statute qualify and supply exceptions to general provisions was recognized and applied by the United States Supreme Court in *Townsend* v. *Little,* 109 U.S. 504, 512, and again in *Kepner* v. *United States,* 195 U.S. 100, 125, where the court stated: "It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same . . . statute . . . ." "The meaning of the statute must be determined not by what we might find to have been the intent of the legislature but by the intent which is manifested by the language it has used." *Institute of Living* v. *Hartford,* 133 Conn. 258, 271.

Our Supreme Court followed the *Kepner* rule, supra, in *Oles* v. *Furlong,* 134 Conn. 334, 342: " 'It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same . . . statute . . . .' "

Section 7-284 of the General Statutes clearly provides that when the chief of police of a city determines that protection is necessary at the promotion and operation of a game, exhibition or contest, or when such game, exhibition or contest is promoted or conducted in a place of public amusement, the police protection which he determines is necessary shall be paid for by the promoters. The specifics are games, exhibitions or contests. It would be extending the principles of the law of construing statutes far beyond any case we have been able to find to rule that § 7-284 compels the owner of a restaurant to pay for police protection when the chief of police, for whatever reason, decides to keep police officers in attendance at the restaurant.

Nowhere in the finding nor as the result of an examination of the transcript of evidence does it appear that the defendants promoted or conducted any game, exhibition or contest. Nowhere in the finding nor as the result of an examination of the transcript of evidence does it appear that the defendants conducted a boxing bout, wrestling match, or sport contest, or a hockey, baseball or basketball game, or any other exhibition or contest. Nowhere in the finding does it appear that police protection was necessary or required.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion DEARINGTON and CASALE, Js., concurred.